IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Josand Farmer, )
 )
        Petitioner, )
 ) Civil Action No. 0:18-cv-1922-TMC
v. )
 ) **ORDER**
Warden Antonelli, *FCI Williamsburg*, )
 )
        Respondent. )
_____)

      Petitioner Josand Farmer, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, seeking relief from both his conviction and sentence.[1] Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this court dismiss the Amended Petition without prejudice and without requiring Respondent to file a return. (ECF No. 11). The magistrate judge notified Petitioner of his right to file objections to the Report (ECF No. 11 at 5), and Petitioner filed timely objections (ECF No. 13).

      The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject,

---

[1] While Petitioner's main arguments throughout the Petition seem to relate only to his sentencing and while Petitioner asks to be "resentenced" pursuant to what he alleges are the correct mandatory minimum calculations, Petitioner also states in his memorandum in support of his Amended Petition that the court should "vacate grounds one, three, and seven of the petitioner's convictions." (ECF No. 6-1 at 10). Additionally, Petitioner states in his Amended Petition that he requests for the court to "vacate ground one conviction." (ECF No. 6). Accordingly, out of an abundance of caution, the court treats this Petition as challenging both Petitioner's sentencing *and* conviction.

1

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth the facts in her Report. (ECF No. 11 at 1–2). Briefly, Petitioner states that on March 24, 2011, a jury found him guilty of the following charges[2]: (1) conspiracy to distribute fifty or more grams of cocaine, one kilogram of phencyclidine, and a quantity of 3, 4 Methylenedioxymethamphetamine (MDMA) (count one); (2) aiding and abetting the distribution of five grams or more of cocaine base (count three); and (3) aiding and abetting the distribution of a quantity of cocaine base (count seven). (ECF No. 6-1 at 2). On September

---

[2] There were seven total charges in the indictment, three of which pertained to Petitioner: counts one, three, and seven. (ECF No. 6-3).

26, 2011, the judge sentenced Petitioner to 360 months as to these three counts, to run concurrently, followed by ten total years of supervised release.[3] (ECF No. 6-3 at 34).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in November 2012 (ECF No. 6 at 4), and such motion was denied in December 2013, *Farmer v. United States*, No. 5:10-CR-271-FL-3, 2013 WL 6799977 (E.D.N.C. Dec. 20, 2013). Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. *United States v. Farmer*, 576 Fed. App'x 245 (4th Cir. 2014). The Supreme Court of the United States denied Petitioner's petition for writ of certiorari on February 23, 2015. *Farmer v. United States*, 135 S. Ct. 1437 (2015). Petitioner contends that he later filed a motion pursuant to 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive § 2255 motion premised on the contention that he no longer qualified as a career offender in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that such motion was granted.[4] (ECF No. 6 at 4).

On September 27, 2017, Petitioner filed a habeas petition with this court pursuant to § 2241, asserting actual innocence and that his sentence included an improper enhancement. *Farmer v. Ramirez*, No. 0:17-cv-02614-TMC (Sept. 27, 2017) (Docket entry 1 at 6–7). The undersigned denied that habeas petition on December 12, 2017. *Farmer v. Ramirez*, No. 0:17-2614-TMC, 2017 WL 634501 (D.S.C. Dec. 12, 2017). Petitioner appealed, and the Fourth Circuit dismissed his appeal. *Farmer v. Ramirez*, 712 Fed. App'x 270 (4th Cir. 2018). However, the Fourth Circuit Court of Appeals subsequently clarified the test for when § 2255 is inadequate and ineffective to test the legality of a sentence, allowing a defendant to "pass through the savings clause portal" and

---

[3] The Fourth Circuit Court of Appeals affirmed this conviction and sentence on June 5, 2012. *United States v. Farmer*, 482 Fed. App'x 805 (4th Cir. 2012).

[4] The court has been unable to locate any such ruling granting Petitioner leave to file a successive § 2255 motion. However, the court does note that in October 2016, the Fourth Circuit Court of Appeals held that the District Court for the Eastern District of North Carolina lacked jurisdiction to rule on the merits of Petitioner's motion to correct error in his presentence investigation report and judgment because such motion was essentially a successive § 2255 motion that the Fourth Circuit had not authorized. *United States v. Farmer*, 669 Fed. App'x 674 (4th Cir. 2016).

bring his claim pursuant to § 2241. *United States v. Wheeler*, 886 F.3d 415, 429–434 (4th Cir. 2018). Accordingly, the Fourth Circuit granted a panel rehearing in Petitioner's case. However, at that rehearing, in applying the *Wheeler* test, the Fourth Circuit held that Petitioner had not shown a sentencing error "premised on a change in settled substantive law" and concluded that his claims could have been "raised on direct appeal." *Farmer v. Rarmirez*, 732 Fed. App'x 222, 222 (4th Cir. 2018). Accordingly, the Fourth Circuit dismissed the petition. *Id.*

Petitioner subsequently filed the instant Petition for writ of habeas corpus pursuant to § 2241, asking the court to vacate his convictions and remand for resentencing. (ECF No. 6). In this Petition, Petitioner asserts that the trial judge, in calculating his mandatory minimum sentence, "did not conduct a reasonable foreseeable determination during sentencing" to account for the amount of illegal substances attributable to Petitioner in regards to the count one conspiracy conviction. (ECF No. 6-1 at 4–5). Specifically, Petitioner asserts that none of the witnesses at trial stated that they received illegal substances directly from him, and that the substances could not have come from him because he was incarcerated at the time the witnesses purchased the substances. *Id.* at 5. Accordingly, Petitioner contends that the sentencing court improperly included the amount of those substances in calculating Petitioner's mandatory minimum sentence under 21 U.S.C. § 841. *Id.* Additionally, Petitioner further contends that his sentence was improperly enhanced based on a non-existent prior conviction. *Id.* at 7.

## II. DISCUSSION

The magistrate judge recommends that the Petition be dismissed because Petitioner has not shown that his challenges to his sentence and conviction rely on a change in substantive law, and, therefore, has not satisfied the § 2255 savings clause to seek relief under § 2241. (ECF No. 11 at 3). Petitioner filed objections to the Report, but rather than containing specific objections to the

4

magistrate judge's findings of fact and conclusions, Petitioner's objections largely restated his claims.[5] (ECF No. 13). However, the court is able to glean that Petitioner objects to the magistrate judge's Report on the following specific grounds: (1) that the magistrate judge was incorrect in stating that Petitioner challenges whether there was sufficient evidence against him that the drugs listed in count one of Petitioner's indictment were attributable to the Petitioner; and (2) that the magistrate judge was incorrect in her assessment that Petitioner has failed to show that a § 2255 motion would be inadequate or ineffective to challenge his conviction and sentence. *Id.* For the reasons stated below, the court finds these objections without merit. Therefore, the objections are overruled.

First, the magistrate judge correctly stated that Petitioner raises two grounds for relief in his Petition: that his mandatory minimum sentence was increased erroneously (1) because the sentencing court failed to conduct a "reasonable foreseeable determination" and (2) because the court included a non-existent predicate offense in its calculation. (ECF No. 11 at 1–2). In Petitioner's objections, Petitioner states that the magistrate judge misconstrued his first claim for relief as having to do with whether or not there was sufficient evidence at trial to charge him with the amount of drugs listed in count one of the indictment. (ECF No. 13 at 1–2). However, the magistrate is correct that in setting forth this claim in the Petition, Petitioner's supporting arguments for this claim seem to be focused on a contention that there was not sufficient evidence to attribute the amount of substances charged in the indictment to Petitioner. Specifically, Petitioner contended that no informant had alleged that they had personally received the illegal substances from Petitioner himself and that he was in prison at the time of some of the transactions

---

[5]The court notes that in his objections, Petitioner contends that the magistrate judge miscategorized his prior § 2255 petition as one to "alter or amend" his sentence rather than to "vacate, set aside, or correct" his sentence. (ECF No. 13 at 1). The fact of the matter is that Petitioner *has filed* a previous § 2255 motion, and it was denied. It is inconsequential in this case, at this time, what the purpose was for filing the prior § 2255 motion.

between his co-defendants and the witnesses. *Id.* Accordingly, the court finds that the magistrate judge did not misconstrue Petitioner's claim as he has alleged, and this objection is overruled.[6]

Finally, the magistrate judge correctly noted in her Report that in order for a petitioner to challenge his federal conviction or sentence under § 2241, he must show, under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." § 2255(e). The savings clause is a "jurisdictional provision," and, accordingly, this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

As stated above, the court construes the Petition as a challenge to both Petitioner's conviction and sentence. It is well-settled that in order to demonstrate that a § 2255 motion is inadequate and ineffective to test the legality of a *conviction*, a petitioner in this circuit must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Recently, in *Wheeler*, the Fourth Circuit extended *Jones* to challenges of "fundamental sentencing errors." *Wheeler*, 886 F.3d at 428. In doing so, the Fourth Circuit set forth a new savings clause test for when a petitioner challenges his

---

[6] The court does acknowledge that in liberally construing the Petition as to this claim, Petitioner also seems to assert that the sentencing court improperly considered statements and actions of Petitioner that were not alleged in the indictment. (ECF Nos. 6-1 at 3, 13 at 2). However, the court notes that in the transcript from the sentencing hearing, which Petitioner attached to his Petition, the sentencing judge stated that he was *not* predicating the sentence on any such statements and allegations that Petitioner alludes to being considered. (ECF No. 6-3 at 33).

sentence. *Id.* at 429. Accordingly, pursuant to *Wheeler*, a § 2255 motion is inadequate and ineffective to test the legality of a *sentence* when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to a petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* As such, in challenging both a conviction and a sentence, a petitioner must initially show that there has been a change in the substantive law since his conviction or sentence that has affected the legality of his conviction or sentence. *See id.*; *Jones*, 226 F.3d at 333–334.

The magistrate judge correctly stated that Petitioner's claims in his § 2241 Petition "relies on law existing at the time of his conviction and sentence." (ECF No. 11 at 3). Petitioner objects to this finding and states that he relies on the "new law" set forth in *Wheeler*. (ECF No. 13 at 3). However, while *Wheeler* did provide a new test to determine when a § 2255 motion is inadequate or ineffective to challenge a prisoner's sentence, no part of *Wheeler* has indicated a change to settled substantive law that would affect the *legality* of Petitioner's sentence or conviction.

The remainder of Petitioner's objections include a detailed analysis of case law and Petitioner's arguments for why his mandatory minimum was wrongly calculated. However, the court notes that none of the case law cited has changed or affected the substantive law relating to the legality of Petitioner's conviction or sentence. In fact, the vast majority of the case law cited in the objections was existing at the time Petitioner was convicted and sentenced. As such, even after thoroughly combing the record and liberally construing the Petition, the court finds that Petitioner has failed to establish that his claims involve a substantive change to settled law that

would now make his conviction or sentence unlawful. Accordingly, Petitioner has not met the burden of the savings clause of § 2255(e), and, therefore, is precluded from challenging his federal conviction and sentence under § 2241. Petitioner's objections are, thus, overruled.

## III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 11). Accordingly, the Amended Petition (ECF No. 6) is **DISMISSED without prejudice and without requiring Respondent to file a return.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 3, 2018